UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ROBIN L. ENGLAND, )
 )
    Plaintiff, )
 ) Case No. 1:12-CV-17
v. )
 ) Collier / Lee
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

## **M E M O R A N D U M**

Plaintiff Robin L. England ("Plaintiff") brought this action on January 21, 2012, seeking judicial review of the final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff a period of disability and disability insurance benefits under 42 U.S.C. §§ 416(i) and 423. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Fed. R. Civ. P. 72(b) for a report and recommendation ("R&R") regarding the disposition of Plaintiff's motion for judgment on the pleadings (Court File No. 16) and Defendant's motion for summary judgment (Court File No. 18). The magistrate judge filed an R&R (Court File No. 20) recommending Plaintiff's motion for judgment on the pleadings be denied (Court File No. 16), Defendant's motion for summary judgment be granted (Court File No. 18), and the Commissioner's decision be affirmed. Plaintiff timely filed an objection to the R&R (Court File No. 21). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 20).

### **I.    STANDARD OF REVIEW**

This Court must conduct a de novo review of those portions of the R&R to which objection

is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's – review is limited to determining if the Administrative Law Judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681.

If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The substantial evidence standard presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999). If the ALJ's decision was not supported by substantial evidence, the Court should typically reverse and remand the case for further administrative proceedings. However, when "the proof of disability is overwhelming or . . . the proof of disability is strong and evidence to the contrary is lacking," the court may reverse the decision and award benefits. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

## II. DISCUSSION[1]

Plaintiff raises two objections to the magistrate judge's R&R. First, Plaintiff objects to the magistrate judge's conclusion that it was reasonable for the ALJ to discount Plaintiff's credibility and the psychological examiner's opinion due to Plaintiff's lack of mental health treatment. Second, Plaintiff contends the magistrate judge erred in concluding substantial evidence supported the ALJ's decision. The Court will address each of Plaintiff's arguments below.

### A. Lack of Mental Health Treatment

Plaintiff contends it was improper for the ALJ to discredit Plaintiff's credibility and discount the opinion of Ann Ramey, M.S., the psychological examiner, due to Plaintiff's lack of mental health treatment. Plaintiff relies primarily on one case, *Blakenship v. Bowen*, 874 F.2d 1116 (6th Cir. 1989), to support this objection. Thus, a brief overview of the *Blakenship* decision would be in order. In *Blakenship*, the United States Court of Appeals for the Sixth Circuit reviewed a decision of the Secretary of Health and Human Services denying Mr. Blakenship disability benefits; the Sixth Circuit ultimately concluded the Secretary's decision was not supported by the record. *Blakenship*, 874 F.2d at 1124. One issue raised on appeal was whether the ALJ had erroneously disregarded a psychiatrist's findings because the psychiatrist had only seen the claimant once and "there was not present a clear diagnostic picture." *Id.* at 1121. Among other things, the Sixth Circuit noted "[t]he report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques." *Id.* In concluding the ALJ erred in discounting the

---

[1] Because Plaintiff does not object to the magistrate judge's general recitation of the facts, the Court will not repeat them here.

3

psychiatrist's findings, the Sixth Circuit determined there was no medical evidence that contradicted the psychiatrist's conclusions nor were there any valid reasons to question his conclusions. *Id.* at 1121-22.

The Sixth Circuit also expressed concerns that the ALJ had made credibility determinations about Blakenship based solely on his failure to seek mental heath treatment. Most relevant to the instant case, the Sixth Circuit stated:

> And finally, although credibility determinations are within the province of the ALJ, there does not appear to be any valid reason for disbelieving appellant's assertions. There were no inconsistencies in his testimony or statements to doctors regarding his pain. *Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir.1987). His subjective statements remained consistent after the 1979 injury and hospitalization. Appellant may have failed to seek psychiatric treatment for his mental condition, but it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation. The Secretary found appellant's complaints less than credible given a perceived paucity of medical proof. However, this should not be a determinative factor in a credibility assessment. It, in effect, readdresses the *Duncan* analysis, where reasonableness of complaints in light of medical evidence has already been assayed.

*Id.* at 1124.

Although *Blakenship* is instructive, it is also distinguishable from the instant case. Beginning with Ms. Ramey's opinion, it is important to recognize at the outset that the ALJ did not discredit Ms. Ramey's opinion "because" she was a psychological examiner. Moreover, although the ALJ noted Ms. Ramey was a one-time examiner and pointed out her failure to use any form of standardized testing, his reasons for discounting her opinion stretched beyond those two observations. Specifically, he states with respect to Ms. Ramey's opinion:

> I note a Global Assessment of Functioning (GAF) of 50 per DSM criteria represents borderline "moderate to serious" mental symptomatology but at that point its usefulness ends in terms of evaluating the claimant's work restrictions. "Moderate-serious symptoms" sheds only the vaguest light on the claimant's ability to concentrate and persist at work tasks, the level of complexity at which she can

4

> work, or her capacity to adapt to changes, interact with others, or maintain long term, competitive employment. "GAFs" do not specifically exclude or include any of these abilities, but must be interpreted in light of the whole record. Therefore, I have considered the claimant's GAF scores as simply "one piece of the puzzle" in evaluating her residual functional capacity.
>
> Additionally, I note the claimant was only assessed by Ms. Ramey on one occasion. As such, Ms. Ramey made an opinion based upon limited contact with the claimant. I also note Ms. Ramey did not administer the MMPI or other standardized testing during the claimant's evaluation. I also note the claimant reported to Ms. Ramey that she suffered from severe withdrawal from people but also stated that she sent text messages. The claimant reported that she experienced depression for years but I note the claimant had not sought specialized mental health treatment prior to her consultative evaluation nor did she seek any consistent treatment after the evaluation. I find Ms. Ramey's assessment is inconsistent with the record and find the State agency consultant's opinion is more consistent with the record overall.

(Tr. 16). This analysis is preceded by a discussion of Ms. Ramey's findings as well as statements made by Plaintiff to Ms. Ramey.

The excerpt above demonstrates the ALJ considered more than just the number of visits and Ms. Ramey's methodology. Rather, he more broadly considered Ms. Ramey's opinion in light of other evidence in the record. For example, he highlights his concerns about Ms. Ramey's GAF score findings and describes what he believes is an inconsistency in Plaintiff's statements regarding her severe withdrawal from people. Ms. Ramey's opinion is based in part on Plaintiff's subjective statements. The ALJ concludes Ms. Ramey's opinion is inconsistent with the record. *Blakenship* does not state concerns regarding the number of visits, methodology, or lack of substantial documentation cannot be noted; only that they cannot serve as the basis for rejecting a psychological examiner's opinion in the absence of other grounds.

Moving to the related issue of Plaintiff's credibility, the Court agrees with the magistrate judge's finding that the ALJ did not apply the wrong legal standard. *Blakenship* expressly states that the lack of medical proof should not be a "determinative factor" when assessing the claimant's

credibility. 874 F.2d at 1124. With that said, when valid reasons exist to disbelieve the claimant's statements--such as inconsistencies in her statements to doctors pertaining to her pain--those reasons should be taken into account. *Id.* Here, the ALJ not only observed that Plaintiff had failed to seek psychiatric treatment; he also noted some of Plaintiff's statements regarding the "intensity, persistence, and limiting effects" were inconsistent with the residual functional capacity assessment.[2] As one illustration, the ALJ notes how Plaintiff reported that she suffered from severe withdrawal yet still sent text messages. Plaintiff contends these statements are not inconsistent. However, that would obviously depend upon whether "severe withdrawal" refers only to physical withdrawal or complete social withdrawal. That the ALJ implicitly reached the latter conclusion to find Plaintiff's statements inconsistent is not improper. The Court also agrees with the magistrate judge's finding that Plaintiff was not being penalized for not seeking mental health treatment, but the lack of a record "cast[] doubt on the severity of her symptoms as reported to Ms. Ramey" (Court File No. 20 at 15).

Taken together, the Court concludes the ALJ's decision to afford Ms. Ramey's opinion less weight and to discount the credibility of Plaintiff is supported by substantial evidence. Accordingly, Plaintiff's first objection is denied.

**B.      Substantial Evidence**

Plaintiff claims substantial evidence was lacking to support the ALJ's decision. Plaintiff appears to be arguing the ALJ gave state agency consultant Dr. Calway-Fagan's opinion more weight at the expense of Ms. Ramey's. She believes, however, Ms. Ramey's opinion should have

---

[2] The ALJ also reached similar conclusions with respect to Plaintiff's credibility after she testified at the hearing noting it was credible "only to the extent it is consistent with my residual functioning capacity assessment" (Tr. 17).

6

been afforded more weight and not discounted, among other reasons, because it was more detailed than Dr. Calway-Fagan's. She also notes the ALJ failed to explain his reasons for giving Dr. Calway-Fagan's opinion more weight and, even if such reasons had been included, they would not have been reasonable.

The Court agrees with the magistrate judge's observation in the R&R that the ALJ gave substantial attention to discussing the weight of Ms. Ramey's opinion--not because he was directly comparing her testimony to Dr. Calway-Fagan's--but because acceptance of Ms. Ramey's opinion in full would likely have required a finding of disability. Therefore, his decision to discount Ms. Ramey's opinion required greater explanation. Dr. Calway-Fagan's opinion, in contrast, was not binding on the ALJ and was more consistent with the overall record.

For instance, the ALJ noted the Volunteer Behavioral Health Care System in November 2010 diagnosed Plaintiff with "major depressive do that [was] recurrent and severe" and found she had a GAF score of 55 (Tr. 16, 312). A GAF score between 51 and 60 corresponds with a "moderate" impairment. *Nowlen v. Comm'r of Soc. Sec.*, 277 F. Supp. 2d 718, 726 (E.D. Mich. 2003). The ALJ then noted that Dr. Calway-Fagan opined Plaintiff had some moderate mental health limitations and "could understand and remember one to three step tasks, could concentrate and persist for two hour periods within an eight-hour day with routine breaks, could interact superficially with the public, co-workers and supervisors, could adapt to limited change and set limited independent goals" (Court File Nos. 11, 271, 273, 277). Even just viewing this evidence, a reasonable mind could conclude Dr. Calway-Fagan's opinion was consistent with what was already in the record. In contrast, Ms. Ramey's opinion, which is detailed in the fact section of the R&R, would have imposed much more restrictive limitations.

Taking all of this into account, as well as the magistrate judge's other findings and conclusions in the R&R, the Court agrees that the ALJ's residual functioning capacity assessment as well as his overall decision are supported by substantial evidence.

**III. CONCLUSION**

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 20). The Court will **DENY** Plaintiff's motion for judgment on the pleadings (Court File No. 16), **GRANT** Defendant's motion for summary judgment (Court File No. 18), and **AFFIRM** the Commissioner's decision. Because no further matters remain for adjudication, the Clerk of Court will be directed to **CLOSE** the case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**